ELECTRONICALLY FILED
December 14, 2017
U.S. DISTRICT COURT
Northern District of WV

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT WHEELING

BOARD OF TRUSTEES OF THE
INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS LOCAL #141
PROFIT-SHARING PLAN

        Plaintiff,

vs.

T.P. ELECTRIC., INC.
(a Pennsylvania corporation),

        Defendant.

Civil Case No.:  5:17-cv-182 Bailey

## COMPLAINT

1. This action is brought pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") 29 U.S.C. 1132 & 1145.  Jurisdiction and venue are conferred on this Court under 29 U.S.C. §§ 1132 (e), 185(a)(c), and 28 U.S.C. § 1331.

2. The International Brotherhood of Electrical Workers (IBEW) Local #141 Profit-Sharing Plan is an employee pension benefit plan as defined by 29 U.S.C. 1002(2) for electrical workers who work under the terms and conditions of collective bargaining agreements entered into by IBEW Local #141 in Wheeling, West Virginia.  It is referenced hereunder as "the Plan" and/or "the Fund."

3. The Plan is administered by its Board of Trustees in Wheeling, West Virginia; said Board of Trustees brings this action on its behalf.  The Plan is a "multiemployer plan" within the meaning of 29 USC § 1002 (37) and accordingly maintained and administered by its board of trustees, comprised of equal numbers of union trustees and employer trustee.

4. The West Virginia Secretary of State records indicate that T.P. Electric, Inc., a foreign corporation, is authorized to do business within the State of West Virginia, and that T.P. Electric Co. maintains its principal place of business in Acme, Pennsylvania.

5. Defendant T.P. Electric, Inc. has performed and continues to perform work in the geographical jurisdiction of IBEW Local #141 and within this judicial district, for which it has employed employees who IBEW Local Union # 141 represents for collective bargaining purposes (hereinafter "the Local 141 employees") and who are covered by the Plan for employee benefits. Relevant to the employee benefits and contributions to the Plan / the Fund for benefits that are the primary subject of this Complaint, said work includes a construction project located in or around Majorsville, West Virginia (herein the "Majorsville project").

6. T.P. Electric is bound by the terms of certain labor agreements (collective bargaining agreements) covering the Local 141 employees. See Ex. A (Letters of Assent and Agreement for Voluntary Recognition). While Ex. A indicates T.P. Electric's assent to the terms and conditions of various collective bargaining agreements including, without limitation, the Local #141 Inside Agreement, T.P. Electric is also bound by the terms and conditions of a certain National Maintenance Agreement between, *inter alia*, the International Brotherhood of Electrical Workers (including and/or on behalf or benefit of, said Local Union #141) and various employers. The National Maintenance Agreement covers T.P. Electric's employment of the Local #141 employees on the Majorsville project.

7. The general contractor for the Majorsville project (on information and belief, a company named Songer Inc. or similar) is a party to and/or otherwise bound by the terms of said National Maintenance Agreement. T.P. Electric, by contracting for work as a subcontractor with

the general contractor on the Majorsville project, is / was also bound by the terms and conditions of the National Maintenance Agreement.  With respect to wages and benefits payable to or for benefit of Local #141 employees, the National Maintenance Agreement incorporates the terms and conditions of the Local #141 Inside Agreement referred to above.

8. The above-referenced collective bargaining agreements under which T.P. Electric is bound, including without limitation the National Maintenance Agreement and the IBEW Local 141 Inside Agreement, are referenced herein as the "the Agreements."

9. The Agreements obligate employers who are bound thereunder to make monthly payroll contributions to the Plan / the Fund in order to furnish the benefits provided by the Plan for said employees and their beneficiaries.  The Fund assesses and accepts the contributions for which participating employers are obligated primarily on the basis of periodic reports the employers are required to furnish to the Fund.

10. T.P. Electric has failed to report to the Fund, and failed to make the required contributions for its covered employees for the work month of October 2017, which were due to be paid to the Fund on November 15, 2017, along with the required reports.  T.P. Electric is delinquent in such contributions under the terms of the employee benefit plans and/or trusts governing the Fund, and/or under the Agreements.  On information and belief, the amount of the October 2017 contribution owed the Fund, but unpaid and delinquent, is approximately $239,314.84.

11. Accordingly, T.P. Electric is obligated to the Fund, for the amount of the contributions due for the relevant work performed in October 2017, which as said is believed to be approximately $239,314.84 but which cannot be determined by the plaintiffs until T.P. Electric

submits the required report for that month.  When such reports is submitted, the amount owed the Fund should be readily reduced to a sum certain by computation.

12. In addition, T.P. Electric is obligated to the Fund for liquidated damages and interest owed on the October 2017 contributions.  As with the amount of the contributions (¶ 11), the amount cannot be determined until T.P. Electric submits the reports for that month, and the amount of the liquidated damages and interest owed will in part depend upon the date the contributions are paid by T.P. Electric.  However, when reports are submitted and the contributions paid, the amount owed the Fund may be readily reduced to a sum certain by computation.

13. T.P. Electric's failure to remit payment to the Fund for contributions owed violates the requirements of the plans or trusts governing such Fund, and violates the requirements of ERISA including § 515, 29 U.S.C. § 1145.  Such failure to remit also violates the Agreements binding T.P. Electric with IBEW Local #141 that bind T.P. Electric, and as to which, the Fund is a third-party beneficiary.

14. As a result of T.P. Electric's failure to meet its obligations under the terms of the Fund, the Plan and/or trust and the Agreements, plaintiffs have been required to employ counsel in order to enforce such obligations and are incurring attorneys' fees and costs.  Plaintiffs have brought this action in faithful performance of the fiduciary duties imposed upon them under 29 U.S.C. § 1104 (a)(1).

    WHEREFORE, plaintiffs seek the following relief:

    1. Judgment against T.P. Electric for the total amount owed to the Fund, including the following:

        a. The amount of all unpaid contributions due to the Plan / the Fund in an amount to be determined after T.P. Electric submits full and complete reporting forms;

  b. Interest on such delinquent contributions under the terms of the Plan / the Fund;

  c. An additional amount equal to the greater of the interest amount in (b), or liquidated damages assessed on the delinquent contributions under the terms of the Plan / the Fund, at a rate not to exceed 20 percent of the unpaid contributions; and

  f. The amount of the Plaintiff's reasonable attorney fees and costs of this action.

2. Such other legal or equitable relief as this Court deems appropriate, including judgment for any contributions, with interest or liquidated damages thereon, that become payable to the Plan / the Fund from T.P. Electric at any time subsequent to the filing of this complaint, including for work months November 2017 (which under the terms of the Plan are due December, 2017) and thereafter.

  Respectfully submitted:

  Board of Trustees of the IBEW LOCAL #141 PROFIT-SHARING PLAN,
  Plaintiffs

  By: ___/S/ Thomas M. Cunningham_____
     Of Counsel

Thomas M. Cunningham, Esq.
West Virginia Registration # 6569
CASSIDY, COGAN, SHAPELL
& VOEGELIN L.C.
The First State Capitol
1413 Eoff Street
Wheeling, WV  26003
(304) 232-8100
(304) 232-8352 (fax)
Email: tmc@walslaw.com